IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CR-239-1H
No. 5:18-CV-23-H

DWIGHT EDWARD CARTER,           )
    Petitioner,              )
                             )
    v.                       )
                             )    **ORDER**
                             )
UNITED STATES OF AMERICA,        )
    Respondent.              )

This matter is before the court on petitioner's motion to vacate, [DE #62]. Petitioner filed motions to expand the record, [DE #63 and #72], and motions to amend and supplement his § 2255, [DE #75 and #76], all of which this court GRANTS and the contents will be considered herein. Petitioner has also filed a motion to challenge jurisdiction, vacate judgment, and reverse and dismiss indictment, [DE #90], which the court considers as a supplement to his § 2255, and the contents will be considered herein. The government moved to dismiss, [DE #68], and petitioner responded, [DE #73]. Petitioner additionally filed a motion to appoint counsel and a motion for evidentiary hearing, [DE #84]. Counsel for petitioner, appointed for the limited purpose of representation pursuant to Standing Order 15-SO-02, also filed a response to government's motion to dismiss [DE #97].

The court had previously granted petitioner's motion to expand the record at DE #71, which was almost identical to DE #75 before the court. [DE #74]. The court allowed the government twenty-one days to respond to the documents attached to petitioner's supplement at DE #71. After the court's order, petitioner additionally filed a motion for summary judgment, [DE #79], and motion for default judgment, [DE #80], and the government responded, [DE #82]. Petitioner replied to the response, [DE #83].

Petitioner has filed several letters, [DE #77, DE #81, DE #85], requesting information about the status of his section 2255 motions, which are addressed by this order.

Petitioner additionally filed the following motions:

1) a motion under 28 U.S.C. § 1651, [DE #46];
2) a motion to amend his § 1651 motion, [DE #57];
3) a motion to dismiss all petitions and/or 28 U.S.C. § 1651, [DE #61].

## BACKGROUND

On February 10, 2014, petitioner pled guilty, pursuant to a written plea agreement, to interference with commerce by threats and violence, in violation of 18 U.S.C. § 1951 (Count One) and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Two). Petitioner was sentenced by this court to a total term of imprisonment of 132 months on June 10, 2014. Petitioner did not appeal.

On January 9, 2018, petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255 [DE #62]. However, on July 11, 2016, petitioner had filed a motion under 28 U.S.C. § 1651, the All Writs Act. By order, the court issued a notice informing petitioner it would recharacterize the All Writs motion as one more properly brought under 28 U.S.C. § 2255 unless petitioner objected. [DE #60]. In response, petitioner filed a motion to withdraw his § 1651 motion as well as his motion to amend the motion. [DE #61]. The court hereby GRANTS petitioner's motion to withdraw, [DE #61]. However, in deference to his <u>pro se</u> status, as the petitioner filed his initial motion under 28 U.S.C. § 1651 on July 11, 2016, the court will construe his § 2255 motion as filed on July 11, 2016.

**<u>COURT'S DISCUSSION</u>**

Title 28 U.S.C. § 2255 imposes a one-year statute of limitations on actions filed pursuant to that section. The pertinent text of 28 U.S.C. § 2255 provides that:

> A 1-year limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was

3

> prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2255(f).

This court's judgment was entered on June 16, 2014. [DE #45]. Petitioner did not file an appeal, and therefore his judgment became final on the date his judgment was entered, that is, "the date upon which [petitioner] declined to pursue further direct appellate review." United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001). As detailed above, petitioner's § 2255 motion was not filed until July 11, 2016, at the earliest, well more than one year after the judgment became final. Therefore, petitioner's motion is not timely pursuant to 28 U.S.C. § 2255(f)(1).

I. Timeliness under 28 U.S.C. § 2255(f)(3)

Petitioner contends in his response to the government's motion to dismiss, [DE #83], that his motion is timely pursuant to 28 U.S.C. § 2255(f)(3) due to his claim pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015). In the Johnson decision, the Supreme Court of the United States invalidated the residual clause found in 18 U.S.C. § 924(e)(2)(B)(ii) ("Armed Career

4

Criminal Act" or "ACCA"). Johnson, 135 S. Ct. at 2557. In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held the rule pronounced in Johnson is retroactively applicable on collateral review. However, Johnson does not afford relief to petitioner as he was not sentenced under the ACCA.[1] Therefore, (f)(3) is not applicable to petitioner.

II.  Timeliness under 28 U.S.C. § 2255 (f)(4)

Next, petitioner contends his motion is timely under (f)(4) because he did not learn until August 25, 2017, of the fact that "no firearm was reported to be brandished by either victim nor by the arresting agency Rocky Mount Police Department." [DE #62-2 at 8-10]. Petitioner contends this lack of mention of brandishing in the report means he is "actually innocent" of Count Two and that his counsel was ineffective for coercing him into pleading guilty in light of these facts.

However, under (f)(4) the statute runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence." 28 U.S.C. § 2255.

---

[1] Petitioner, through appointed counsel, argued the offense of Hobbs Act Robbery (18 U.S.C. § 1951) is not a crime of violence. [DE #97]. However, the Fourth Circuit has held "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)." United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019) (citing United States v. Garcia-Ortiz, 904 F.3d 102, 109 (1st Cir. 2018); United States v. Hill, 890 F.3d 51, 60 (2d Cir. 2018); United States v. Rivera, 847 F.3d 847, 849 (7th Cir. 2017); In re Fleur, 824 F.3d 1337, 1340-41 (11th Cir. 2016)) (footnote omitted).

5

Petitioner knew whether the firearm was brandished at the time of his plea when he pled guilty under oath to brandishing and furthermore at the time of sentencing when the Presentence Report ("PSR") stated that "Carter pointed a firearm at an employee of the business and stated 'Shut up and give me your money.'" [DE #37 ¶ 6]. The lack of mention of brandishing in a police report is not enough, standing alone, to state a claim for actual innocence or to constitute facts under (f)(4) which would trigger a different date for the running of the statute of limitations.

III. Equitable Tolling

Finally, petitioner contends the court should equitably toll the statute of limitations. For the court to consider equitably tolling the statute, the petitioner generally bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)).

Petitioner argues the court should consider equitably tolling the statute of limitations due to his history of mental illness and argues that his attorney coerced him into pleading guilty to a crime of which he was actually innocent.[2] However, petitioner has not shown how he has been pursuing his rights diligently.

---

[2] As to his claim of ineffective assistance of counsel, petitioner specifically abandoned such claims. [DE #83 at 6 (petitioner "abandons the claims herein.")].

6

Petitioner did not appeal his guilty plea or sentence. Further, although petitioner alleges he told his attorney he did not brandish the firearm, he did not file a section 2255 motion for several years after his guilty plea and sentence.

As to his claim of actual innocence, to establish actual innocence, petitioner must demonstrate that "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 327 (1995). "'[A]ctual innocence' means factual innocence, not mere legal sufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). Petitioner has not made a showing of factual innocence of brandishing, as detailed above. Therefore, petitioner has not stated a claim for actual innocence that would justify equitably tolling the statute of limitations.

While the court notes petitioner's mental health issues, the court ordered petitioner evaluated for competency and he was found competent to proceed. Petitioner has not shown that he has pursued his rights diligently or that extraordinary circumstances prevent him from doing so. Therefore, the court declines to equitably toll the statute of limitations.

Finding petitioner's motion is untimely and finding petitioner has failed to show a basis for equitable tolling, his motion must be DISMISSED.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss, [DE #68], is hereby GRANTED, and petitioner's motion to vacate, [DE #62, #63, #72, #75, #76, #79, #80, #90], is hereby DISMISSED. Petitioner's motion to appoint counsel, [DE #84], is DENIED AS MOOT. Petitioner's motion to voluntarily dismiss his § 1651 motions, [DE #61], is hereby GRANTED. Therefore, petitioner's accompanying § 1651 motions, [DE #46 and DE #57], are hereby DISMISSED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 17th day of April 2020.

                                        Malcolm J. Howard
                                        Senior United States District Judge

At Greenville, NC
#35